Margurita McCAFFREY, Plaintiff, Appellee,

v.

REX MOTOR TRANSPORTATION, INC., Defendant, Appellant.

No. 81–1552.

United States Court of Appeals, First Circuit.

Argued Jan. 7, 1982.
Decided March 19, 1982.

---

Edward D. McCarthy, Cambridge, Mass., for appellant.

Matthew E. Dwyer, Boston, Mass., with whom James T. Grady, and Grady & McDonald, P. C., Boston, Mass., were on brief, for appellee.

Before COFFIN, Chief Judge, TIMBERS, Circuit Judge,* and BREYER, Circuit Judge.

PER CURIAM.

On this appeal from so much of a judgment entered in the District of Massachusetts, Rya W. Zobel, *District Judge*, which dismissed appellant's amended counterclaim, the question presented is whether the district court correctly held that the counterclaim was not compulsory and that the court lacked subject matter jurisdiction over the asserted permissive counterclaim. We affirm.

I.

Appellee Margurita McCaffrey is the fund manager of the New England Team-

* Of the Second Circuit, by designation.

sters and Trucking Industry Pension Fund ("Fund"). The Fund is a pension trust created in 1958 pursuant to a written "Agreement and Declaration of Trust" ("Trust Agreement"). The Fund receives pension contributions from participating employers. These employers make contributions on behalf of their employees, pursuant to collective bargaining agreements with local unions in the Boston area which are affiliated with the International Brotherhood of Teamsters, Warehousemen and Helpers of America.

Appellant Rex Motor Transportation, Inc. ("Rex") is a Massachusetts corporation which provides trucking services. It is a participating employer in the Fund pursuant to the Trust Agreement and various collective bargaining agreements with Teamsters Local Union No. 25 ("Union").

In December 1976, the Fund commenced an action against Rex in the District Court for the District of Massachusetts to recover pension contributions due the Fund under the terms of three collective bargaining agreements between Rex and the Union. According to an amended complaint filed subsequent to commencement of the action, the collective bargaining agreements were in effect from 1970 to 1979; the underpayments were alleged to have occurred during the period from 1971 to 1977; and the underpayments totalled $9,256.48.

Some four years after commencement of the action, Rex filed an answer, an amended answer, a counterclaim and an amended counterclaim. The amended counterclaim filed in May 1981 alleged that some of Rex's contributions to the Fund between 1958 and 1971, totalling $38,000, violated § 302(c)(5) of the Labor Management Relations (Taft-Hartley) Act, 29 U.S.C. § 186(c)(5) (1976). The Fund moved to dismiss Rex's amended counterclaims. After a hearing, Judge Zobel on May 22, 1981 granted the Fund's motion to dismiss on the grounds that the amended counterclaim was not compulsory and that the court lacked subject matter jurisdiction over it.

Rex having admitted that it was indebted to the Fund for the underpayments claimed in the complaint, judgment in favor of the Fund in the amount of $9,256.48 plus interest was entered in June 1981.

From that part of the judgment which dismissed its amended counterclaim, Rex has taken this appeal.

## II.

■ Rex contends that the dismissal of its counterclaim was erroneous because the counterclaim was a compulsory one under Fed.R.Civ.P. 13(a). Permissive counterclaims, Fed.R.Civ.P. 13(b), may not be entertained under a federal court's ancillary jurisdiction unless there is some independent jurisdictional base such as a federal question upon which federal jurisdiction may be founded. *Federman v. Empire Fire and Marine Insurance Co.*, 597 F.2d 798, 812 (2nd Cir. 1979). Compulsory counterclaims, however, fall within the ancillary jurisdiction of a federal court even if there is no other basis for federal jurisdiction. *Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).

In determining whether a counterclaim is compulsory, four criteria have been suggested:

"1) Are the issues of fact and law raised by the claim and counterclaim largely the same?

2) Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3) Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4) Is there any logical relation between the claim and the counterclaim?" 6 Wright & Miller, Federal Practice and Procedure § 1410, at 42 (1971) (footnotes omitted).

Of these, Rex's counterclaim could not possibly qualify under any but the fourth—whether there is a logical relationship between the Fund's claim and Rex's counterclaim. This so-called "logical relationship" test enjoys "by far the widest acceptance among the courts". 6 Wright & Miller, *supra*, § 1410, at 48.

■ Rex urges us to apply the logical relationship test here to uphold its counterclaim. It is neither necessary nor appropriate for us to do so because Rex's counterclaim fails to qualify as compulsory even under this relatively relaxed test. As the Fifth Circuit stated in *Revere Copper & Brass Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709, 715 (5th Cir. 1970):

> "[A] claim has a logical relationship to the original claim if it *arises* out of the same aggregate of operative facts as the original claim in two senses: (1) that the same aggregate of operative facts serves as the basis of both claims; or (2) that the aggregate core of facts upon which the original claim rests activates additional legal rights in a party defendant that would otherwise remain dormant." (emphasis in original).

Here, the operative facts of the claim and the counterclaim are not the same. The contributions for which Rex seeks restitution are entirely different from those the Fund claims are due. The contributions were made during different time periods and under different contracts. Furthermore, the Fund's right to recover on its claim was not dependent on the outcome of Rex's counterclaim.[1] The original claim did not activate any otherwise dormant claims that Rex might have had.

We hold that the district court correctly held that Rex's counterclaim was not compulsory.

### III.

Rex contends in the alternative that its counterclaim, even if permissive, should not have been dismissed because independent bases for federal jurisdiction are provided by §§ 301(a) and 302 of the Taft-Hartley Act, 29 U.S.C. §§ 185(a) and 186 (1976). We disagree.

Section 301(a) provides for federal subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." Rex contends that, since the Fund is a labor organization, the federal courts have jurisdiction over this action. The only authority cited by Rex for this proposition is *Wishnick v. One Stop Food & Liquor Store, Inc.,* 359 F.Supp. 239 (N.D.Ill.1973). There the trustees of an employee health and welfare trust fund sued an employer for failure to contribute to the fund as required by a collective bargaining contract between the employer and its employees' labor union. The action was commenced under § 301(a). The employer argued that the court lacked jurisdiction under § 301(a) because the trust fund was not a "labor organization." It was conceded, however, that the court would have had jurisdiction if the action had been brought by the union. Adopting a pragmatic approach, the court held that "there is nothing to be gained by requiring a suit by the union rather than by the Trustees of its Welfare Fund." 359 F.Supp. at 242. Thus, the court did not hold that the trust fund was a labor organization. It held only that, in the limited circumstances of that case, the trustees could stand in the union's place in suing the employer for delinquent contributions since the court otherwise would have had jurisdiction had the union itself brought the action.

■ In the instant case, Rex is suing under the Trust Agreement, not the collective bargaining contract between Rex and the Union. There is no assertion of any claim against the Union. Thus, the Fund is not standing in the Union's place.

We hold that § 301(a) does not confer jurisdiction upon the district court to entertain Rex's counterclaim.[2]

---

1. In its amended answer Rex admitted all of the allegations of the complaint.
2. The Fund does not appear to fall within the definition of a "labor organization" set forth in 29 U.S.C. § 152(5) (1976), namely:

   "any organization of any kind ... in which employees participate and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work."

   *Cf. NLRB v. Amax Coal Corp.,* 453 U.S. 322 (1981) (management-selected trustees of trust created under 29 U.S.C. § 186(c)(5) are not "representatives" of employer for collective bargaining or grievance adjustment purposes).

Rex's claim of jurisdiction under § 302 also must fail. Rex claims that some of its contributions to the Fund were made in violation of § 302(c)(5). It therefore contends that its claim for restitution arises under § 302. District courts do have jurisdiction to entertain suits under § 302(e), but only to "restrain violations" of § 302.[3] It is well settled in this Circuit that district courts do not have jurisdiction under § 302(e) to award damages or restitution. Rather, § 302(e) confers jurisdiction on the federal courts only to restrain "violations of basic structure, . . . not violations of fiduciary obligations or standards of prudence in the administration of the trust fund." *Bowers v. Ulpiano Casal, Inc.*, 393 F.2d 421, 424 (1st Cir. 1968). *Accord, Bowers v. Moreno*, 520 F.2d 843, 846 (1st Cir. 1975). Furthermore, "[a]ny ultimate relief . . . would . . . be limited to enjoining future payments" and would not include "the undoing of deeds done." *Bowers v. Moreno, supra*, 520 F.2d at 846.

In the instant case, Rex specifically has disclaimed any injunctive relief. In view of the nature of the relief sought—the return of alleged overpayments to the Fund—it is clear that Rex does not challenge the basic structure of the Fund. Moreover, it seeks only the return of past overpayments—"the undoing of deeds done."

We hold that § 302 does not confer jurisdiction upon the district court with respect to Rex's counterclaim.

### IV.

Finally, Rex contends that the district court should have taken jurisdiction over its counterclaim under the doctrine of pendent jurisdiction. We disagree.

Even if the doctrine of pendent jurisdiction had any applicability here at all—and

we do not believe it does—it is well settled that it is within the sound discretion of the district court whether to assume jurisdiction over a permissive counterclaim. We hold that there was no abuse of discretion here.

*Affirmed.*

---

**3.** Section 302(e), 29 U.S.C. § 186(e), provides: "The district courts of the United States and the United States courts of the Territories and possessions shall have jurisdiction, for cause shown, and subject to the provisions of section 381 of title 28 (relating to notice to opposite party) to restrain violations of this section, without regard to the provisions of section 17 of title 15 and section 52 of this title, and the provisions of chapter 6 of this title."