880 F.Supp. 42 (1995)
INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, LOCAL UNION NO. 6, Plaintiff,
v.
THERMO-GUARD CORPORATION, Defendant.
Civ. A. No. 91-11512-MLW.
United States District Court, D. Massachusetts.
February 24, 1995.
*43 Shelley B. Kroll, Segal, Roitman & Coleman, Boston, MA, for International Association of Heat and Frost Insulators and Asbestos Workers, Local Union No. 6, plaintiff.
Richard F. Kerr, Braintree, MA, for Thermo-Guard Corp., defendant.

MEMORANDUM AND ORDER
WOLF, District Judge.
Plaintiff, International Association of Heat and Frost Insulators and Asbestos Workers, Local No. 6 (the "Union"), seeks a confirmation of a labor arbitration decision awarding the Union damages for Thermo-Guard Corporation's (the "Employer") violation of collective bargaining agreements between the parties. Jurisdiction exists under § 301(a) of the Labor Management Relations Act of 1947 as amended (the "LMRA"), 29 U.S.C. § 185 and 28 U.S.C. § 1337.
*44 The Employer has counterclaimed, alleging mistaken payments, abuse of process, and malicious interference with an advantageous business relationship. The Union has moved to dismiss these counterclaims and for judgment on the pleadings. The Employer has opposed both of these motions and filed its own motion to dismiss. As set forth below, the court finds that the arbitration award should be confirmed and the Employer's counterclaims should be dismissed.

I. PROCEDURAL BACKGROUND
The Union alleges that the Employer was subject to two collective bargaining agreements (one covering asbestos removal work and one covering asbestos insulation work) which expired on August 31, 1990. Complaint, Exhibit A, C. ("Ex. ___"). The asbestos removal contract was extended from an original expiration date of April 30, 1990 to August 31, 1990 by virtue of an Addendum executed by the parties on April 30, 1990. Ex. B. The Union further alleges that these contracts required the Employer to make monthly contributions to the Asbestos Workers Local 6 Health and Welfare, Pension and Annuity Funds ("Funds"). Ex. A, p. 10-11, 18; Ex. C, p. 9. The contracts incorporated by reference a Funds Delinquency Procedure by which the Employer was to pay late fees for delinquent payments. Ex. D. The Union also alleges that the contracts prohibited the Employer from subcontracting work to non-union companies. Ex. A, p. 15; Ex. B, p. 6.
Both contracts provide that disputes would be resolved by a Trade Board consisting of three members of the Boston Insulation Contractors Association and three members of the Union. Ex. A, p. 12-14; Ex. C, p. 3-5. The contracts further provide that if the Trade Board was unable to reach a decision, the dispute would be resolved by the American Arbitration Association. Id. The Union alleges that in or about November 1990, it notified the Employer of grievances pertaining to the Employer's failure to pay late fees on delinquent Fund contributions and its subcontracting of Union work to non-Union workers. The Union also informed the Employer of its intention to request a Trade Board hearing should these disputes remain unresolved.
On March 6, 1991, the Employer received, by certified mail, notification of a hearing to be held before the Trade Board on March 14, 1991. Ex. E. The hearing was held and the Employer failed to attend. On March 14, 1991, the Trade Board unanimously found that the Employer violated the collective bargaining agreements by failing to pay the late fees for delinquent Fund payments and by sub-contracting Union work to non-Union workers. Ex. F. The Trade Board ordered the Employer to pay $31,742.00 in late fees for delinquent Fund contributions which were due for August-November 1989 and March-August 1990. Id., p. 3, 5. The Employer was also ordered to pay an undetermined amount in lost wages and benefits for its use of non-Union labor. Id, p. 7-8. This amount was to be calculated by applying the hours of Union work performed by non-Union labor to the hourly Union wage and fringe benefit rate. Id. The Employer was also ordered to pay interest on this amount and to submit contributions to the various funds for each of the aggrieved workers. Id. The Employer has failed to pay this arbitration award despite receiving the Trade Board's decision by certified mail on March 23, 1991. Ex. G. The Union subsequently filed this action on May 29, 1991 seeking to confirm the award.

II. DISCUSSION

A. Plaintiff's Motion to Dismiss Counterclaims

The Employer alleges several counterclaims. Count I of the counterclaim alleges that no extensions were granted on either contract and that the contracts expired on April 30, 1990 and August 31, 1990. The Employer claims it erroneously made payments to the Union after these dates in the amount of $102,508.20. Despite demanding repayment, the Employer has not been repaid this amount. In Count II, the Employer asserts abuse of process, claiming that the Union filed an unwarranted "Notice of Contract" on January 11, 1990, making a claim against work performed by the Employer for Children's Hospital. In addition, the Employer asserts that the Union notified Children's Hospital of this lien and falsely *45 claimed that $17,000.00 was due to the Fund for work performed at the Hospital. Count III alleges malicious interference with an advantageous business relationship for the Union's filing of the above-referenced lien and asserts that the Union "intended to induce, persuade or coerce Children's Hospital to terminate its business relationship" with the Employer.
The Union asserts four justifications for dismissing the counterclaims: (1) the Employer has not asserted a claim against the plaintiff; (2) the Employer failed to satisfy the elements of an abuse of process claim; (3) the counterclaims are permissive and this court lacks jurisdiction; and (4) these state law counterclaims are preempted by federal law and thus are reserved for resolution by the National Labor Relations Board. For the reasons set forth below, this court finds that the counterclaims are permissive and will dismiss them based on this finding. Accordingly, it is not necessary to address the Union's remaining arguments.

1. This Court Does Not Have Jurisdiction Over the Counterclaims Because They Are Permissive Counterclaims and There Is No Independent Basis For Asserting Jurisdiction.

The Employer's counterclaims are not within this court's jurisdiction because they are permissive counterclaims which do not arise out of the same transaction or occurrence which is the subject matter of the Union's claim. A defendant must assert compulsory counterclaims when they "arise out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed.R.Civ.P. 13(a). Such counterclaims are within the ancillary jurisdiction of the federal courts, even if there is not an independent basis for federal jurisdiction. McCaffrey v. Rex Motor Transportation, Inc., 672 F.2d 246, 248 (1st Cir.1982), citing, Baker v. Gold Seal Liquors, 417 U.S. 467, 469 n. 1, 94 S.Ct. 2504, 2506 n. 1, 41 L.Ed.2d 243 (1974). Counterclaims which do not arise out of the same transaction or occurrence that is the subject matter of the plaintiff's claim are permissive counterclaims. Fed.R.Civ.P. 13(b). Permissive counterclaims are not within the federal court's ancillary jurisdiction and may only be heard if there is an independent jurisdictional basis. McCaffrey, 672 F.2d at 248, citing, Federman v. Empire Fire and Marine Insurance Co., 597 F.2d 798, 812 (2d Cir.1979).
The Employer asserts that its mistaken payment claim arises out of the same transaction or occurrence as the Union's claim and is thus a compulsory counterclaim, providing this court with jurisdiction over all of its counterclaims. However, the allegedly erroneous payment for which the Employer seeks restitution is not related in any way to the Union seeking payments of late fees on delinquent Fund contributions. The Union's claim is based on two contracts which expired on August 31, 1990[1]. It is seeking to collect the late fees for the periods of August  November 1989 and March  August 1990. The Employer is seeking to collect for payments it allegedly mistakenly made to the Union after the expiration of the contracts. The Union contends that those payments were moneys which were actually due the Union under an agreement the parties entered into on July 24, 1991. However, even assuming, without deciding, that the Employer's payments were a mistake and were not due under a contract, the counterclaim seeking restitution for such payments remains permissive and is not within this court's jurisdiction.
In McCaffrey, the Court of Appeals for the First Circuit was presented with similar facts when the manager of a union pension fund *46 brought an action to recover underpayments from 1971 to 1977 for contracts which were in effect from 1970 to 1979. McCaffrey, 672 F.2d at 248. The Employer filed a counterclaim alleging that some of its contributions from 1958 to 1971 violated the LMRA. Id. The First Circuit upheld the dismissal of the counterclaim stating, "[t]he contributions were made during different time periods and under different contracts. Furthermore, the [union's] right to recover on its claim was not dependent on the outcome of the [employer's] claim." Id. at 249. Similarly, the Employer's claims here related to different time periods and do not arise from the same contracts. Thus, in the absence of an independent basis for jurisdiction, the mistaken payment counterclaim must be dismissed.
Although not addressed by either party, the court has considered whether there is an independent basis for jurisdiction over the Employer's counterclaims. There is not. More specifically, the employer in McCaffrey contended that its counterclaim, while permissive, should not have been dismissed because there was a separate basis for jurisdiction provided by 29 U.S.C. § 185(a). Id. Section 185(a) provides for federal subject matter jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). The McCaffrey court rejected the assertion that this provision established federal subject matter jurisdiction in that case because the claim was against the fund, rather than against union, as the statute required. 672 F.2d at 249. This case is distinguishable because there is a claim against the Union. However, § 185(a) does not establish jurisdiction in this case because there is no evidence that the Employer's allegedly mistaken payments were related to a contract. According to the record before this court, the contracts expired on August 30, 1990 and another agreement was not entered into until July 24, 1991. The Employer is not basing its mistaken payments claim on a contract. Rather, the Employer states that the counterclaim is for "payments made by mistake when no payments were due because the agreement had expired." Def.'s Substitute Opp'n to Pl.'s Mot. to Dismiss Countercl. at 3. Therefore, there is no independent jurisdiction because this claim does not relate to an alleged violation of a contract between the Employer and the Union.
The Employer focuses its argument on the claim that the mistaken payments are a compulsory counterclaim and correctly does not contend that either of the remaining counterclaims, abuse of process and malicious interference with an advantageous business relationship, are compulsory. Therefore, because all of the counterclaims are permissive and there is no independent jurisdictional basis for any of them, this court does not have the jurisdiction to decide the Employer's counterclaims. Accordingly, the Union's motion to dismiss the counterclaims must be granted.

B. Plaintiff's Motion for Judgment on the Pleadings

In its Motion for Judgment on the Pleadings, the Union alleges that the Employer has failed to file a timely action to vacate the arbitration award and its answer and counterclaims identify no grounds for vacating the award. Specifically, the Union asserts that any claims by the Employer are barred by the statute of limitations, the Trade Board had proper jurisdiction and the grievances were arbitrable, and the Union has standing to bring this action. Lastly, the Union claims that it is entitled to attorney fees associated with litigating this matter because the Employer has not presented any rational argument for vacating the arbitration award. In response, the Employer asserts that the Union has no standing to bring this action and that the grievances were not arbitrable.
For the reasons stated below, the Employer's objections are not timely. Thus, the Union's motion for judgment on the pleadings will be allowed.

1. Defendant's Claims are Barred by the Applicable Statute of Limitations.

In its answer and counterclaim, the Employer challenges the validity of the arbitration award by claiming the Trade Board did not have jurisdiction to hear the grievances and that the matters were not arbitrable. The Union asserts that the Employer has not filed a counterclaim seeking to vacate the arbitration award and, in any event, such a *47 counterclaim would be barred by a thirty-day statute of limitations. The Union's contention is correct.
The Employer's challenges to the award are barred by Massachusetts law, which provides that actions to vacate an arbitration award must be instituted within thirty days of delivery of the award. Mass.Gen. Laws ch. 150C, § 11. Section 301 of the LMRA confers jurisdiction upon the federal district courts over suits upon collective bargaining agreements, but the LMRA itself contains no limitations periods. Locals 2222, 2320-2327, International Brotherhood of Electrical Workers, AFL-CIO v. New England Telephone & Telegraph Co., 628 F.2d 644, 650 (1st Cir.1980). "`[T]he timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations.'" United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 60, 101 S.Ct. 1559, 1562, 67 L.Ed.2d 732 (1981), quoting, Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 704-05, 86 S.Ct. 1107, 1112-13, 16 L.Ed.2d 192 (1966). Therefore, this court must determine whether § 11 applies to an action to vacate an arbitration award on the ground that the arbitrator did not have jurisdiction over the matter.
Prior case law, including a decision by this court, indicated that the thirty-day statute of limitations does not apply when the party is asserting that the arbitrator did not have jurisdiction to decide the issue. Painters Local No. 257 v. Johnson Industrial Painting Contractors, 16 Mass.App.Ct. 67, 72, 448 N.E.2d 1307, review den., 390 Mass. 1102, 453 N.E.2d 1231 (1983); Sheet Metal & Air Conditioning Contractors Association of Building Trades Employers Association v. Sheet Metal Workers International Association, Local Union 17, 619 F.Supp. 1073 (D.Mass.1985) (Wolf, J.). Indeed, the question of jurisdiction of the arbitrator has been described as "always open." M.S. Kelliher Co. v. Wakefield, 346 Mass. 645, 647, 195 N.E.2d 330 (1964).
However, since these decisions, the Massachusetts Supreme Judicial Court has stated that the thirty-day limit applies to any motion to vacate an arbitration award. Local 589, Amalgamated Transit Union v. Massachusetts Bay Transportation Authority, 397 Mass. 426, 431, 491 N.E.2d 1053 (1986). Local 589 described the purpose of the thirty-day limit as to allow only a short time to move to vacate in order to promote the finality of the arbitration awards with "reasonable promptness." Id.
[T]his policy would seem to condemn the conduct of the defendant who ignored an award disfavorable to it, failed to move to vacate the award, and then sought to be given its day in court when the plaintiff brought suit in frustration to have the arbitration award enforced. If the defendant's defenses were of such vital importance to it, the defendant nevertheless had an opportunity to raise them in the manner contemplated by the statute.
Bernstein v. Gramercy Mills, Inc., 16 Mass. App.Ct. 403, 409, 452 N.E.2d 231 (1983), quoting, Chauffeurs Local 135 v. Jefferson Trucking Co., 628 F.2d 1023, 1027 (7th Cir. 1980), cert. denied, 449 U.S. 1125, 101 S.Ct. 942, 67 L.Ed.2d 111 (1981). The Supreme Judicial Court further described its reasons for rejecting the exception to the thirty-day limit by stating that its prior description of jurisdictional challenges always being open was in reference to the permissible scope of judicial review, rather than to the timeliness of the challenge. Local 589, 397 Mass. at 430, 491 N.E.2d 1053. "The `always open' language used by the court merely states an exception to the usual rule that arbitration awards will not be set aside for errors of law or fact." Id. In Local 589, the Supreme Judicial Court expressly rejected the reasoning of the Massachusetts Appeals Court decision in Painters Local No. 257, stating: "[T]he Legislature did not see fit to include jurisdictional challenges as an exception to the § 11 [] filing requirements. The statutory language is unambiguous. We decline to create an exception through judicial decision." Id.
The Court of Appeals for the First Circuit has also applied a thirty-day limit to actions seeking to vacate an arbitration award because the arbitrator allegedly exceeded his authority. Posadas de Puerto Rico Assoc., Inc. v. Asociacion de Empleados de Casino *48 de Puerto Rico, 873 F.2d 479, 483 (1st Cir. 1989). The Court of Appeals held that a thirty-day limit is consistent with the purposes and advantages of arbitration. Id. More specifically, it stated that:
[the thirty-day] window of opportunity abets the speedy adjudication of workplace grievances, promoting the smooth operation of efficient mechanisms for private dispute resolution established in collective bargaining agreements and the federal interest in industrial stability.
Id.
Accordingly, this court concludes that, under federal law, there is a thirty-day statute of limitations for challenges to the arbitrator's jurisdiction. Therefore, the Employer's challenges in this case are not timely. The Employer received the arbitration award on March 23, 1991, refused to pay the award, failed to challenge it, and then raised its objections when the Union was compelled to bring this action to confirm the award. The Employer did not assert any challenges until it moved to dismiss this action on October 3, 1991, well after the expiration of the thirty-day limit. To allow this action to proceed would permit the Employer to engage in precisely the conduct that the Supreme Judicial Court condemned in Local 589  refusing to pay an arbitration award, failing to move to vacate it, and then asserting an objection when the frustrated union brings an action to confirm the award.

2. The Union is entitled to attorney fees.

The Union claims that it is entitled to attorney's fees in this action because the Employer has refused to comply with the arbitration award without justification. When a party refuses to comply with an enforceable arbitration decision without justification the court may award attorneys' fees. Courier-Citizen Company v. Boston Electro-typers Union No. 11, 702 F.2d 273, 282 (1st Cir.1983); Crafts Precision Industries, Inc. v. Lodge No. 1836 of District 38, International Association of Machinists and Aerospace Workers, 889 F.2d 1184, 1186 (1st Cir.1989). More specifically, it is within the discretion of the court to award attorney fees to the prevailing party when "the losing party litigated the matter despite the fact that it was unable to present any rational arguments in support of its position." Brigham & Women's Hospital v. Massachusetts Nurses Association, 684 F.Supp. 1120, 1125 (D.Mass.1988).
As explained earlier, the Employer's objections to the arbitration award were not timely. However, even if this court were otherwise required to address the Employer's objections, the Union would be entitled to attorney fees because the Employer presents no rational argument for its refusal to comply with the arbitration decision.
The employer first asserts that the Trade Board, rather than the Union, is the proper party to bring this action because the right to enforce the contracts is granted exclusively to the Trade Board. However, this argument rests on an obvious misreading of the contracts. Both contracts provide that the "Trade Board shall have the power to impose fines or other penalties ... and shall see that all fines or penalties so imposed are satisfied and the disposition of monies collected shall be decided by the Trade Board." Ex. A, p. 14; Ex. C, p. 5. This contractual language does not establish the Trade Board as the only party with standing to enforce an award. Rather, it merely vests the Trade Board with the authority to impose penalties and distribute the proceeds of them.
Both the state and federal statutes which govern an action to confirm an award plainly provide that the parties with standing to bring such actions are the parties to the contract. See Mass.Gen.Laws. c. 150C § 10; 29 U.S.C. § 185(a). For the purposes of this case, it is clearly established that, "[t]he proper parties with standing to bring action under Section 301 are either the employer or a labor organization, as parties to the Collective Bargaining Agreement sought to be enforced, or the individual employees covered by that agreement." Allied Service Division, etc. v. Safety Cabs, Inc., 414 F.Supp. 64, 65 (M.D.Fla.1976), citing, Textile Workers Union v. Lincoln Mills, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957); Smith v. Evening News Ass'n, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). Although the subject matter of this action is money owed *49 to the Fund, there is no doubt that the real party in interest is the Union. Allied Service, 414 F.Supp. at 65. Accordingly, the Employer's assertion that the Union is not the proper party to bring this action is not a rational argument for refusing to comply with the arbitration award.
The Employer also asserts the arbitration award is not enforceable because the grievances were not arbitrable. The Employer claims that the Delinquency Procedure established with respect to collecting late fees due the Fund (Ex. D.) gives the Trustees the right to institute legal proceedings. The Delinquency Procedure states that, "[t]he Committee will decide what legal action shall be instituted to compel payment of delinquent contributions." However, the Union correctly points out this provision does not restrict the enforcement of delinquent contributions to action only by the Trustees and does not limit the Union's right to seek arbitration. To find otherwise would be contrary to the express terms of the contracts. The grievance procedures set forth in the contracts specifically give the Union the right to arbitrate through the Trade Board "all labor operations of the Parties to this Agreement within its prescribed limits so far as any of the provisions of the Agreement are involved, in connection with which any question may arise ..." (Ex. A, p. 12-13, Ex. C, p. 3) Because the contracts each establish the terms on which the Employer is to contribute to the Fund (Ex. A, p. 6-7, Ex. C, p. 7-8), any dispute with regard to the Funds is arbitrable. Accordingly, the Employer's assertion that the grievances were not arbitrable is also not a rational argument for refusing to comply with the award.
Because the Employer did not assert any rational arguments in support of its refusal to comply with the arbitration award, the Union is entitled to reasonable attorney fees and costs incurred in litigating this matter.

C. Defendant's Motion to Dismiss

The Employer asserts the same arguments in support of its motion to dismiss that it relied on in its opposition to the Union's motion for judgment on the pleadings. As discussed above, these arguments are without merit. Thus, the Employer's motion to dismiss will be denied.

III. ORDER
In view of the foregoing, the Trade Board's decision must be confirmed.
Accordingly, it is hereby ORDERED that:
1. The plaintiff's motion to dismiss the counterclaims is ALLOWED.
2. The defendant's motion to dismiss is DENIED.
3. The plaintiff's motion for judgment on the pleadings is ALLOWED. Defendant shall comply forthwith with the Trade Board's Order; and
4. Plaintiff's request for reasonable costs and attorneys fees is ALLOWED. Plaintiff shall by March 17, 1995 file an affidavit concerning such costs and attorneys fees. If defendant has a proper basis to contest the reasonableness of such costs and attorneys fees, and wishes to do so, it shall by March 31, 1995 file its opposition.
NOTES
[1] The Employer repeatedly asserts that the contracts expired on April 30, 1990 and August 31, 1990 and that an extension was never executed for the earlier contract. However, Ex. B to the complaint clearly shows that an amendment to the asbestos removal contract was executed by both parties on April 30, 1990, extending its terms to August 31, 1990. The Employer asserts that the amendment "came into effect on July 24, 1991, was not retroactive, and was in effect only pending ongoing contract negotiations." Def.'s Substitute Opp'n to Pl.'s Mot. to Dismiss Countercl. at 3. Despite this assertion, the Employer offers no evidence that the amendment was not effective on April 30, 1990. In addition, after a hearing which the employer failed to attend, the arbitrator found that both contracts expired on August 30, 1990. The Employer took no action to vacate or modify this decision. The Employer's claim that it was not a party to the contracts until August 30, 1990 has been waived by its failure to object earlier. See § II. B.1 infra.