OPINION AND ORDER
 

 CASTELLANOS, United States Magistrate Judge.
 

 Defendants Puerto Rico Highway Authority and Dr. Fernando Fagundo, the latter, in his official and personal capacity, filed a Motion for Summary Judgment, that was subsequently joined by codefen-dants José Lluch, Roberto Santiago Cancel, Carmen Dávila Ortiz, José M. Izquierdo, and Fernando Fagundo in their personal capacity (Docket No. 32, 43). Plaintiff filed an Opposition to above referred Motion for Summary Judgment, without further need for a reply (Docket No. 37). After numerous procedural actions, settlement and pretrial conferences, the issues raised by defendants requesting summary judgment are now ripe for adjudication since the parties have consented to proceed before a Magistrate Judge (Docket No. 24).
 

 I. General Background
 

 Plaintiff worked for the Citizen Service Section of the Puerto Rico Highway Authority (hereinafter PRHA) as a Clerk Office Typist in an irregular position on account of numerous appointments renewing her six-month term temporary service contract from December of 1995 through June of 2001. She submits being a member of the New Progressive Party (NPP). After general elections were held on November of 2000, in which the Popular Democratic Party (PDP) prevailed, plaintiffs contract was renewed on December of 2000. By June of 2001, plaintiff was informed of the non-renewal of her service contract. She has thus filed this action claiming a civil rights violation and pendent state claim predicated on political discrimination under the First, Fifth, and Fourteenth Amendment of the United States Constitution.
 

 Plaintiff has also claimed that thereafter she submitted an application for employment with the Department of Transportation and Public Works (DTPW) and was never informed as to any evaluation or consideration for work thereunder because of her political affiliation. She has filed suit against defendants Engineer José Izquierdo, the Secretary and José Delgado Ortiz, the Director of the Human Resources, both officers of the DTPW in their personal and official capacity.
 

 
 *CLXX
 
 II. Procedural History
 

 Defendants have prayed this Court to enter summary judgment on grounds that plaintiff failed to establish a
 
 prima facie
 
 case of political discrimination. It is averted that defendants have presented a valid non-discriminatory reason for taking personnel action by not renewing plaintiffs temporary service contract. Defendants have also requested that pendent state claim filed by plaintiff should also be dismissed upon absence of a federal cause of action.
 

 A. Uncontested issues:
 

 1. Plaintiff held a service contract with the PRHA subject to renewal every six months and held no tenure.
 

 2. Plaintiff was qualified for the job at PRHA having no performance or personnel problem during her more than five years at work and her contract was renewed from 1995 through June of 2001.
 

 3. Plaintiff is a member of the New Progressive Party and such claim is not controverted.
 

 4. On November of 2000, after general elections were held in the Commonwealth of Puerto Rico, the Popular Democratic Party took reigns of the government in January of 2001.
 

 5. Plaintiff claims that defendants are all members of the Popular Democratic Party and such claim has not been controverted.
 

 6. Plaintiffs contract was not renewed effective June 30, 2001.
 

 7. Defendant Puerto Rico Highway Authority (hereinafter “PRHA”) is a corporation that generates its own resources and does not operate within the general budget of the Commonwealth of Puerto Rico.
 

 8. Codefendants José F. Lluch, Roberto Santiago Cancel, Carmen Dávila Orta, and Fernando Fagundo are natural persons, public officers and/or employees of the Puerto Rico Highway Authority. Engineer José Izquierdo, and José Delgado Ortiz, of the Department of Transportation and Public Works (DTPW), are sued in their official and personal capacity.
 
 [1]
 

 9. Plaintiffs contract was renewed twice after the general elections of November 2000.
 

 10. Plaintiff was notified through letter dated June 13, 2001, by codefendant Roberto Santiago Cancel, that her contract was not going to be renewed effective June 30, 2001.
 

 B. Contested Issues:
 

 1. If Plaintiff had an expectation of continuous employment;
 

 2. Whether Plaintiffs averment that the non-renewal of her contract was because of her political discrimination in violation of her constitutional rights and she meets the requirements for a political discrimination action;
 

 3. If Defendants are liable under the
 
 respondent superior
 
 theory for a violation of plaintiffs claim under § 1983;
 

 4. If Defendants are entitled to qualified immunity;
 

 
 *CLXXI
 
 5. Plaintiff contests that codefendants, in particular, Carmen Davila Orta, knew about her political affiliation;
 

 6. Plaintiff contests that the restructuring of the Office of Citizens’ Services of the PRHA was but a pretext since it consisted of addition of new services and hiring of new personnel to attend such additional services.
 

 III. Constitutional Claims
 

 A constitutionally protected property interest in continued public employment typically arises when the employee has a reasonable expectation that her employment will continue.
 
 See, e.g., Rivera-Muriente v. Agosto-Alicea,
 
 959 F.2d 349, 352 (1st Cir.1992). Under ordinary circumstances, an at-will employee lacks a reasonable expectation of continued employment and, thus, has no property interest in the job.
 
 King v. Town of Hanover,
 
 116 F.3d 965, 969 (1st Cir.1997). This has also been held as true of so-called transitory public employees in Puerto Rico.
 
 See, e.g., Nieves-Villanueva v. Soto-Rivera,
 
 133 F.3d 92, 94 (1st Cir.1997) (explaining that “transitory employees generally do not have a property interest in continued employment beyond their yearly terms of appointment”);
 
 Caro v. Aponte-Roque,
 
 878 F.2d 1, 4 (1st Cir.1989).
 
 Gómez v. Rivera Rodríguez,
 
 344 F.3d 103, 111 (1st Cir.2003).
 

 This determination in no way alters the First Amendment analysis. Public employees can never be fired in violation of their First Amendment rights. “Thus, the fact that a transitory employee does not have a reasonable expectation of renewal in his or her employment ... does not defeat a First Amendment claim.”
 
 Nieves-Villanueva,
 
 133 F.3d at 98;
 
 accord Cheveras Pacheco v. Rivera Gonzalez,
 
 809 F.2d 125, 127-29 (1st Cir.1987) (holding that transitory employees are entitled to protection under the Elrod/Branti line of cases).
 
 Gómez v. Rivera Rodriguez,
 
 344 F.3d at 111.
 

 IV. Findings of Fact and Conclusions of Law
 

 A. Standard for Summary Judgment
 

 A federal court may grant summary judgment in a civil action “if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law”. Fed.R.Civ.P. 56(c).
 
 See Celotex Corp. v. Catrett,
 
 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986);
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986);
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once a party seeking summary judgment has made this showing, the burden shifts to the non-movant who must point to specific facts demonstrating that there is a trial worthy issue.
 
 See Celotex,
 
 477 U.S. at 324, 106 S.Ct. 2548.
 

 To satisfy the criterion of trial worthiness, an issue must be “genuine.” That is, the relevant evidence, viewed in the light most favorable to the party opposing the motion must be sufficient to allow the fact finder to solve issue in favor of either party.
 
 See Anderson v. Liberty Lobby, Inc.; Blanchard v. Peerless Ins. Co.,
 
 958 F.2d 483, (1st Cir.1992);
 
 Continental Casualty Co. v. Canadian Universal Ins. Co.,
 
 924 F.2d 370, 373 (1st Cir.1991);
 
 Hahn v. Sargent,
 
 523 F.2d 461, 464 (1st Cir.1975),
 
 cert. denied,
 
 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (In summary judgment motions, the Court will not resolve questions of credibility or conflicting inferences but will assess the sufficiency of evidence
 
 *CLXXII
 
 as a matter of law, resolving all factual disputes in favor of the opponent.)
 

 Trial worthiness needs “more than simply showing] that there is some metaphysical doubt as to the material facts.”
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.
 
 The evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a fact finder must resolve .... ”
 
 Mack v. Great Atl. & Pac. Tea Co.,
 
 871 F.2d 179, 181 (1st Cir.1989). If the evidence is based on conjecture, or is not significantly probative of the fact alleged in the complaint, there is no genuine issue, and the Court may grant summary judgment.
 
 Anderson v. Liberty Lobby, Inc.,
 
 supra;
 
 First National Bank of Arizona v. Cities Service Co.,
 
 391 U.S. 253, 290, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968);
 
 Local No. 48, United Broth. of Carpenters & Joiners v. United Broth. of Carpenters & Joiners,
 
 920 F.2d 1047, 1050 (1st Cir.1990).
 

 Trial worthiness further requires that the dispute involves a “material” fact.
 
 See Anderson v. Liberty Lobby, Inc., supra.
 
 This means that a fact has the capacity to affect the outcome of the litigation under the applicable law.
 
 See id.; see also United States v. One Parcel of Real Property, Etc. (Great Harbor Neck, New Shoreham, R.I.),
 
 960 F.2d 200, 204 (1st Cir.1992). “If the facts on which the non-movant relies are not material, or if its evidence ‘is not significantly probative,’
 
 brevis
 
 disposition becomes appropriate.”
 
 Nat’l Amusements, Inc. v. Town of Dedham,
 
 43 F.3d 731 (1st Cir.1995).
 

 B. The Political Discrimination Claim
 

 Plaintiff may not rest on the “mere allegations or denials of his pleading.”
 
 Borschow Hospital & Med. Supplies, Inc. v. César Castillo Inc.,
 
 96 F.3d 10, 14 (1st Cir.1996)
 
 (quoting Barbour v. Dynamics Research Corp.,
 
 63 F.3d 32, 36 (1st Cir.1995)). Rather, plaintiff must “point to evidence in the record that would ‘permit a rational factfinder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus.’ ”
 
 Padilla-García v. Guillermo Rodríguez,
 
 212 F.3d 69, 74 (1st Cir.2000)
 
 (quoting Rivera-Cotto v. Rivera,
 
 38 F.3d 611, 614 (1st Cir.1994)).
 
 López-Carrasquillo v. Rubianes,
 
 230 F.3d 409, 413 (1st Cir.2000).
 

 When political discrimination is alleged in a case involving the dismissal of a non-policymaking employee, the plaintiff must first produce sufficient evidence, either direct or circumstantial, from which a “rational jury could find that political affiliation was a substantial or motivating factor behind the adverse employment action.”
 
 Rodríguez-Ríos v. Cordero,
 
 138 F.3d 22, 24 (1st Cir.1998). Once the plaintiff meets the threshold burden, the burden then shifts to the defendant-employer who must “articulate a nondiscriminatory basis for the adverse employment action and prove by a preponderance of the evidence that it would have been taken without regard to plaintiffs political affiliation.”
 
 Id.; see also LaRou v. Ridlon,
 
 98 F.3d 659, 661 (1st Cir.1996);
 
 Acevedo-Díaz v. Aponte,
 
 1 F.3d 62, 66 (1st Cir.1993).
 
 Angulo-Alvarez v. Aponte de la Torre,
 
 170 F.3d 246, 249 (1st Cir.1999).
 

 C. Findings on the Undisputed Facts
 

 Plaintiffs deposition testimony indicated that codefendants Lluch, Izquier-do, Fagundo, Santiago Cancel, and Delgado Ortiz did not know her political affiliation at the time her work contract was not renewed. Defendant Davila Orta, then Director of the Citizens’ Service Office, might have known or deduced what was
 
 *CLXXIII
 
 plaintiffs political affiliation because she was the closest to her. As to the latter’s presumed knowledge, plaintiff puts forth evidence of having overheard once a discussion between defendant Dávila Orta and plaintiffs uncle, who was the person that initially brought her to work under the temporary contract terms, and whose political affiliation was then well known, on which basis plaintiff presumes that on account of her family relation and the proximity of Ms. Dávila Orta to her as a direct supervisor, must have known said affiliation being the basis for improper and discriminatory motives in the employment decision. The evidence link between what plaintiff argues as her uncle and her family relation as the basis for defendant Dávi-la Orta’s knowledge of plaintiffs political affiliation is extremely diluted for eviden-tiary value.
 
 [2]
 
 The evidence brought by plaintiff to sustain a
 
 prima facie
 
 case of discrimination is deemed insufficient for a trier of fact to find that affiliation was a motivating factor in her termination, except for its speculative proximity. Still, if in the alternative such scintilla of assumptions would be deemed sufficient, under the
 
 Mt.
 
 Healthy
 
 [3]
 
 predicate, the burden of proof would shift back to the plaintiff to demonstrate that she would not have been fired but for her political affiliation.
 
 Rodríguez Pinto v. Tirado-Delgado,
 
 982 F.2d 34, 39 (1st Cir.1993). Under said burden, plaintiff must submit evidence that goes directly to causation by pointing to evidence in the record that would permit a rational factfinder to conclude that the challenged personnel action occurred and stemmed from a politically based discriminatory animus.
 
 Rivera-Cotto v. Rivera,
 
 38 F.3d 611, 614 (1st Cir.1994). Plaintiff has not proffered even indirect evidence that her duties were essential and still needed by the employer and thus were substituted for by employees, temporary, career, or under contract, whose political affiliation was consonant with defendants, from which an inference could be drawn as to the pretextual reason for non-renewal of her • temporary contract. Unsupported and speculative assertions are insufficient for plaintiff to survive summary judgment.
 
 LaRou v. Ridlon,
 
 98 F.3d 659 (1st Cir.1996).
 

 Insofar as plaintiffs claim against officers of the Department of Transportation and Public Works, upon no action in her application for employment, there is no scintilla of evidence, limited to failing to notify plaintiff of an evaluation, that their actions were predicated on a political discrimination animus. The fact that those who may take personnel decisions are affiliated with a political party different from the unsuccessful applicant, without more, is not sufficient to show political discrimination, more so when there is no evidence that the decision makers knew of her affiliation. Figu
 
 eroa-Serrano v. Ramos-Alverio, 221 F.3d 1 (1st Cir.2000); López Carrasquillo v. Rubianes,
 
 230 F.3d 409 (1st Cir.2000);
 
 Rivera-Cotto v. Rivera,
 
 38 F.3d 611 (1st Cir.1994).
 

 Y. Pendent state claims
 

 Insofar as state claim plaintiff submitted in the complaint under 28 U.S.C. § 1367 upon which federal courts were granted
 
 *CLXXIV
 
 “supplemental jurisdiction” or what had formerly been referred to as “pendent jurisdiction” and “ancillary jurisdiction.” Pursuant to same, “in any civil action over which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action ... that they form part of the same case and controversy.” 28 U.S.C. § 1367 (1993).
 
 See
 
 the Supreme Court’s analysis in
 
 United Mine Workers v. Gibbs,
 
 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).
 

 In
 
 Gibbs
 
 a federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and these two claims “derive from a common nucleus of operative fact” as to which the plaintiff “ would ordinarily be expected to try them both in one judicial proceeding.”
 
 Gibbs,
 
 383 U.S. at 725, 86 S.Ct. at 1138;
 
 Brown v. Trustees of Boston University,
 
 891 F.2d 337, 356 (1st Cir.1989). The statute expressly states that a district court may refuse to exercise this jurisdiction if the state claim “substantially predominates over the claim or claims over which the district court has original jurisdiction” or “the claim raises a novel or complex issue of state law.” 28 U.S.C. §§ 1367(c)(1), (c)(2). Still, the decision whether to exercise supplemental jurisdiction is left to the broad discretion of the district court and will be disturbed only upon finding an abuse of discretion.
 
 See Newman v. Burgin,
 
 930 F.2d 955, 963 (1st Cir.1991);
 
 McCaffrey v. Rex Motor Transportation, Inc.,
 
 672 F.2d 246, 250 (1st Cir.1982).
 
 See also Vera-Lozano v. International Broadcasting,
 
 50 F.3d 67, 70-71 (1st Cir.1995).
 

 Thus, this Magistrate Judge declines to exercise pendant jurisdiction upon absence of a federal cause of action as to any claim generally stated in the complaint as falling under article 1802 of the P.R. Civil Code.
 

 VI. Conclusion
 

 For the reasons stated above, this Magistrate Judge finds that defendants are entitled to summary judgment. Therefore, it is ORDERED that upon granting defendants’ motion for summary judgment, the Clerk of the Court enters judgment dismissing the complaint.
 

 IT IS SO ORDERED.
 

 [1]
 

 . Dr. José F. Lluch is the former Executive Director of the PRHA; Roberto Santiago Cancel is the former Auxiliary Director of the Human Resources Department of the PRHA; Carmen Davila Orta is the former Director of the Office for Citizen Service of the PRHA; José Delgado Ortiz is the Director of the Human Resources Division of the Department of Transportation and Public Works of the Commonwealth of Puerto Rico; Engineer José Izquierdo is the Secretary of the Department of Transportation and Public Works; and Engineer Fernando Fagundo is the Director of the Puerto Rico Highway Authority.
 

 [2]
 

 . Mr. José Zayas Rodriguez, plaintiff's uncle, had occupied the position of Director of Citizen’s Services in the PRHA during the previous NPP administration and is claimed that defendant Dávila Orta have had differences with him. (Plaintiffs deposition testimony, pp. 18-20).
 

 [3]
 

 .
 
 Mt. Healthy City Sch. Dis. Bd. of Educ. v. Doyle,
 
 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977).