12-4293-cv
*Xin Wei Lin v. Chinese Staff & Workers' Assoc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of June, two thousand thirteen.

PRESENT:    JON O. NEWMAN,
                 AMALYA L. KEARSE,
                 DEBRA ANN LIVINGSTON,
                       *Circuit Judges.*                     .

---

XIN WEI LIN a/k/a XIN WEIN LIN, ZHAO YU DONG,

          *Plaintiffs-Appellants*,

    -v.-                                No. 12-4293-cv

CHINESE STAFF & WORKERS' ASSOCIATION,
318 RESTAURANT WORKERS' UNION,
NELSON MAR,
          *Defendants-Appellees*,

WING HUNG LAM a/k/a SONG LIN a/k/a
HUNG LAM a/k/a WING LAM, JOHN DOES #1-10,

          *Defendants.*

---

WILLIAM COUDERT RAND, New York, NY, *for Plaintiffs-Appellants.*

JAMES REIF, Gladstein, Reif & Meginniss, LLP, New York, NY, *for Defendants-Appellees Chinese Staff & Workers' Association, 318 Restaurant Workers' Union, and Nelson Mar.*

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the district court be **AFFIRMED.**

Plaintiffs-Appellants Xin Wei Lin and Zhao Yu Dong appeal from an Order of the United States District Court for the Southern District of New York (Sullivan, *J.*) dated September 30, 2012, and from a Memorandum and Order dated November 9, 2012, dismissing their claims for violations of the Labor Management Relations Act, 29 U.S.C. § 186 ("§ 186"), New York Labor Law §§ 198-b and 725, and claims of fraud, unjust enrichment, breach of fiduciary duty, and breach of the duty of fair representation. We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

"We review the district court's grant of a Rule 12(b)(6) motion to dismiss de novo, accepting all factual claims in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 624 F.3d 106, 108 (2d Cir. 2010). We consider only those facts alleged in the complaint or in documents attached to the complaint as exhibits or incorporated by reference. *See Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)).

**A.    Standing**

Defendants-Appellees Chinese Staff and Workers' Association ("CSWA"), 318 Restaurant Workers' Union, and Nelson Mar (together, "Labor Organizations") argue that Plaintiffs-Appellants lack standing to bring claims for monetary, injunctive, and declaratory relief because they face no real or immediate threat of injury stemming from the alleged kickback scheme and illegal contracts

(the "Remittance Agreements"). Although the district court did not address standing, "we are required to address [a standing] issue even if the court[] below [did] not pass[] on it." *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990); *cf. Ctr. for Reproductive Law & Policy v. Bush*, 304 F.3d 183, 193 (2d Cir. 2002) ("[O]rdinarily we are not to assume the existence of jurisdiction in favor of reaching an easier merits issue." (internal quotation marks omitted)).  In order to have standing under Article III of the Constitution, a plaintiff is "required to have suffered (1) a concrete, particularized, and actual or imminent injury-in-fact (2) that is traceable to defendant's conduct and (3) likely to be redressed by a favorable decision." *Woods v. Empire Health Choice, Inc.*, 574 F.3d 92, 96 (2d Cir. 2009).  At the pleading stage, "general factual allegations of injury resulting from the defendant's conduct may suffice, for on a motion to dismiss we presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (internal quotation marks omitted).  "[T]he injury in fact requirement [for standing] is qualitative, not quantitative, in nature" and "highly case-specific." *Baur v. Veneman*, 352 F.3d 625, 637 (2d Cir. 2003) (internal quotation marks omitted).  As explained below, we conclude that Plaintiffs-Appellants have standing to sue for injunctive and declaratory relief for their Saigon Grille claims and for money damages related to their Ollie's Restaurant claims.  We dismiss all other claims for lack of standing.

Plaintiffs-Appellants seek injunctive relief to prevent the Labor Organizations from "enforcing existing [Remittance Agreements] or entering into future [Remittance Agreements] and against continuing to commit the unlawful practices, policies and patterns [alleged in the complaint]."  Complaint at 32. They also seek a declaratory judgment that the Remittance Agreements are void and unenforceable. Since Plaintiffs-Appellants allege that they have already

3

paid the Labor Organizations the amount owed under the Remittance Agreements for the Ollie's Restaurant settlement, injunctive and declaratory relief will not redress their injuries related to those payments. *See* 28 U.S.C. § 2201 (Declaratory Judgment Act applies only in "a case of actual controversy"). The allegation that an injunction is necessary to prevent the Labor Organizations from entering into Remittance Agreements with Plaintiffs-Appellants in the future is implausible given the instant suit, which alleges that such agreements are illegal and injurious to Plaintiffs-Appellants. Allegations regarding other restaurant employees or members of the putative class do not, moreover, suffice to create standing for Plaintiffs-Appellants. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974). Plaintiffs-Appellants thus have standing to seek legal but not equitable relief for their claims relating to the Ollie's Restaurant settlement.

In contrast, with regard to their claims pertaining to the Saigon Grille settlement, Plaintiffs-Appellants have alleged a sufficient likelihood of future injury stemming from the Remittance Agreements and Fee Agreement. Plaintiffs-Appellants allege that the Labor Organizations' representative has "demanded" they pay the Labor Organizations the amount owed under the Remittance Agreements; that Plaintiffs-Appellants signed a Fee Agreement requiring that they pay the previously committed percentage of their settlement amounts, but they have thus far refused to do so; that Lin received an invoice requesting amounts owed under the Remittance Agreements; and that the Labor Organizations are "continuing to pressure employees to pay a percentage of their wage recoveries" under the Remittance Agreements. Complaint ¶ 172. Moreover, in opposition to the motions to dismiss, Plaintiffs-Appellants submitted two letters that a lawyer for Defendant-

4

Appellee CSWA sent to Lin on November 1, 2011.[1]  The letters listed individuals, including Plaintiffs-Appellants, who had not honored the Fee Agreement and "the promissory note of 5 April 2007," and threatened that Lin would face litigation unless he contacted the lawyer.  Together, the allegations in the complaint and the November 2011 letters create a likelihood of future injury—that the Labor Organizations will sue Plaintiffs-Appellants to enforce the Remittance Agreements or otherwise try to collect the sums owed—that is more than hypothetical or conjectural, and sufficiently concrete and imminent to create standing for declaratory and injunctive relief.  *See Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 274 (1941) (finding that insurer had standing to sue insured for declaration that insurer had no duty to indemnify under the insurance agreement).  Conversely,  since an award of money damages will not redress Plaintiffs-Appellants' injuries related to the Saigon Grille litigation, they lack standing for such claims.

**B.     LMRA Claim**

Section 186 makes it unlawful for a labor organization or employee thereof to "request, demand, receive or accept, or agree to receive, or accept, any payment, loan, or delivery of any money" from the employer of workers that the organization represents or seeks to represent.  29 U.S.C. §§ 186(b)(1).  As a preliminary issue, we recognize that our sister circuits have, thus far, unanimously held that pursuant to § 186(e), federal courts lack jurisdiction to award money damages for violations of § 186(a) and (b).  *See Bakerstown Container Corp. v. Int'l Bhd. of Teamsters*, 884 F.2d 105, 108 (3d Cir. 1989); *Am. Commercial Barge Lines Co. v. Seafarers Int'l Union of N. Am.*, 730 F.2d 327, 332 (5th Cir. 1984); *Sellers v. O'Connell*, 701 F.2d 575, 577-78 (6th Cir. 1983);

---

[1]  In resolving a question of standing, the Court may refer to evidence outside the pleadings.  *See Alliance for Environmental Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 87-88 (2d Cir. 2006); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

*McCaffrey v. Rex Motor Transp., Inc.*, 672 F.2d 246, 250 (1st Cir. 1982); *Souza v. Trs. of W. Conference of Teamsters Pension Trust*, 663 F.2d 942, 945 (9th Cir. 1981). We agree and therefore dismiss Plaintiffs-Appellants' surviving claims seeking money damages under § 186—the claims pertaining to the Ollie's Restaurant settlement—for lack of jurisdiction.

Turning to the remaining claims regarding the Saigon Grille settlement, § 186 "was principally intended to protect the collective bargaining process by eliminating the corruptive influence of side payments by employers to union representatives," *Haley v. Palatnik*, 509 F.2d 1038, 1040 (2d Cir. 1975), and "to prohibit employee representatives from engaging in extortion against their employers," *id.* at n.3. This Court has upheld convictions under § 186(b) where a union representative received money or services from an employer through an employee. *See United States v. Novak*, 443 F.3d 150, 154-56 (2d Cir. 2006); *United States v. Cody*, 722 F.2d 1052, 1059-60 (2d Cir. 1983). We have done so, however, only where "the transfer from the employer to the employee and the transfer from that employee to the union official are so closely related as to constitute a single transaction." *Novak*, 443 F.3d at 155; *see Cody*, 722 F.2d at 1059-60.

As the district court recognized, this case is distinguishable from *Novak* and *Cody* because the transfer of money from employer to employees was not a sham payment for work or services not actually rendered to the employer. Rather, the checks provided to Plaintiffs-Appellants from their former employers were settlement payments for services rendered. And whereas in *Novak* and *Cody* the wage payments from employer to employee would not have occurred but for the union representatives' scheme, here, the settlement payments existed independently of the Remittance Agreements, and would have occurred regardless of whether Plaintiffs-Appellants then paid the

6

Labor Organizations under the Remittance Agreements.[2] *See Novak*, 443 F.3d at 153-56; *Cody*, 722 F.2d at 1060. Even if, as Plaintiffs-Appellants argue, the Remittance Agreements required them to pay the Labor Organizations at the same time they received their settlement checks, the timing of the payments does not render the legitimate, court-approved settlement payments "inextricably linked" to the alleged kickbacks. *Novak*, 443 F.3d at 156. Indeed, the complaint alleges that the Saigon Grille settlement never referenced the Remittance Agreements or payments to the Labor Organizations. Therefore, the district court properly dismissed Plaintiffs-Appellants' § 186 claim because the complaint does not allege a single transaction between the employer and the Labor Organizations.

Finally, we affirm dismissal of Plaintiffs-Appellants' duty of fair representation claims for substantially the reasons stated by the district court, and find that the district court did not abuse its discretion in declining to exercise supplemental jurisdiction over the remaining state law claims. We have reviewed the rest of Plaintiffs-Appellants' arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] We note that the complaint alleges that Lin was required to deliver a check to CSWA before the settlement check from his suit against Ollie's Restaurant would be released to him. That allegation, however, pertains only to the Ollie's Restaurant claims, which we dismiss for lack of standing and subject matter jurisdiction.

7