2012 VT 13

UNIFIRST CORP. v. JUNIOR'S PIZZA, INC.

[46 A.3d 887]

No. 11-248

¶ 1. February 16, 2012. This is an appeal by defendant Junior's Pizza, Inc. from a superior court decision confirming an arbitration award and awarding attor-

ney's fees to plaintiff UniFirst Corporation. The Chittenden Superior Court, Civil Division, held that Junior's waived its right to object to arbitration by failing to challenge the award within thirty days of receiving notice. Finding no error, we affirm.

¶ 2. UniFirst is a Massachusetts corporation that rents and sells work uniforms, linens, and other products in Vermont and other states. Junior's is a Vermont corporation that owns restaurants in Colchester and Burlington. In 2005 and 2008, Junior's and UniFirst agreed to service contracts according to which UniFirst would provide products to Junior's restaurants. Both contracts stated in relevant part:

> All disputes of whatever kind between the Customer and UniFirst based upon past, present or future acts, whether known or unknown, and arising out of or relating to the negotiation, formation or performance of this Agreement shall be resolved exclusively by final and binding arbitration.

In November 2008, Junior's terminated those agreements, and UniFirst sought an $8000 payment for services previously rendered. Junior's did not respond to requests for payment.

¶ 3. In June 2009, pursuant to the arbitration clause in the parties' contracts, UniFirst filed a demand for final and binding arbitration with the Commercial Arbitration Tribunal of the American Arbitration Association (AAA). Junior's declined to submit to arbitration, stating that it would reconsider if UniFirst produced a valid arbitration agreement. UniFirst subsequently provided copies of the contract provision quoted above to both Junior's and the AAA. Junior's continued to maintain it was not required to submit the matter to arbitration. In July 2009, the AAA notified the parties that UniFirst had met all filing requirements and arbitration would proceed absent a court order staying the matter. Junior's never sought a court order staying arbitration. For its part, UniFirst did not seek a court order compelling Junior's to participate in arbitration.

¶ 4. Notice of the arbitration hearing was provided to both parties, and the hearing took place on October 28, 2009. Junior's did not participate. On November 2, 2009, UniFirst was awarded $43,038.03 in damages and attorney's fees, and Junior's was ordered to reimburse UniFirst $2100 in administrative fees associated with conducting the arbitration. The next day, the AAA notified Junior's of the award by email and certified mail. A copy of the award was also mailed to Junior's in early December 2009.

¶ 5. On August 30, 2010, UniFirst filed a motion to confirm the arbitration award with the superior court. Junior's moved to dismiss the action but failed to comply with a court order to file a timely legal memorandum. The motion was denied. The parties then filed cross-motions for summary judgment, and the court ruled in favor of UniFirst, finding that Junior's had waived its right to object to the arbitration award by failing to challenge it within thirty days pursuant to 12 V.S.A. § 5677(c). Junior's now appeals arguing that (1) it did not waive its right to object to the arbitration award, (2) UniFirst was required to petition to compel arbitration prior to engaging in arbitration without Junior's participation, and (3) the arbitration was not conducted in strict accordance with the terms of the contracts.

¶ 6. This Court's review of an arbitration award is limited. "Vermont has a strong tradition of upholding arbitration awards whenever possible." *R.E. Bean Constr. Co. v. Middlebury Assocs.*, 139 Vt. 200, 204, 428 A.2d 306, 309 (1980). "This Court has long recognized the importance of arbitration as an alternative to litigation for the efficient resolution of dis-

putes." *Springfield Teachers Ass'n v. Springfield Sch. Dirs.*, 167 Vt. 180, 183, 705 A.2d 541, 543 (1997). "If courts were permitted to broadly question the determinations of an arbitrator, then arbitration would become merely 'another expensive and time consuming layer to the already complex litigation process.' " *Id.* at 183-84, 705 A.2d at 543-44 (quoting *R.E. Bean Constr. Co.*, 139 Vt. at 204-05, 428 A.2d at 309). " 'We are not at liberty to set aside an arbitration panel's award because of an arguable difference regarding the meaning or applicability of laws urged upon it.' " *Muzzy v. Chevrolet Div, Gen. Motors Corp.*, 153 Vt. 179, 185, 571 A.2d 609, 613 (1989) (quoting *Merrill, Lynch, Pierce, Fenner & Smith, Inc. v. Bobker*, 808 F.2d 930, 933-34 (2d Cir. 1986)).

¶ 7. Under the Vermont Arbitration Act (VAA), 12 V.S.A. §§ 5651-5681, we must confirm an arbitration award unless grounds are established to vacate or modify it. See 12 V.S.A. § 5676; *Matzen Constr., Inc. v. Leander Anderson Corp.*, 152 Vt. 174, 177, 565 A.2d 1320, 1322 (1989). Appellate review is confined to: "(1) whether there exist statutory grounds for vacating or modifying the arbitration award, and (2) whether the parties were afforded due process." *Springfield Teachers Ass'n*, 167 Vt. at 184, 705 A.2d at 544. Although Junior's has not moved to vacate the arbitration award, it objected to the award in opposition to UniFirst's motion to confirm. If timely, these objections are equivalent to requests to vacate. *Id.* at 187, 705 A.2d at 545-46.

¶ 8. As an attempt to vacate the arbitration award, Junior's objections were untimely. Under the VAA:

> An application to vacate an award shall be made within 30 days after delivery of a copy of the award to the applicant, except that if predicated upon corruption, fraud or other undue means, it may be made within 30 days after such grounds are known or should have been known.

12 V.S.A. § 5677(c); see also *Springfield Teachers Ass'n*, 167 Vt. at 187, 705 A.2d at 546. Junior's was provided a copy of the award in December 2009. It did not seek to vacate the award until February 2011 when it opposed UniFirst's motion to confirm the award. Accordingly, Junior's waived any objections it may have had by failing to seek a vacatur within 30 days. For this reason, the superior court correctly granted summary judgment for UniFirst.[*]

---

[*] The parties have both framed the issues in this appeal as if the VAA governs this case, and we have analyzed the issues accordingly. Neither party has invoked the Federal Arbitration Act (FAA), and we therefore need not consider its application in this case. *Rowe v. Brown*, 157 Vt. 373, 379, 599 A.2d 333, 337 (1991) ("Issues not raised on appeal are deemed waived."). But we note that the arbitration agreement itself specifically provides: "The arbitration shall be conducted . . . pursuant to the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association *and shall be governed by the Federal Arbitration Act.*" (Emphasis added.) The FAA provides in relevant part: "Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered." 9 U.S.C. § 12. Federal appellate courts have held that a party may not raise affirmative defenses to an application to confirm an arbitration award unless it does so within the time limit for moving to vacate an arbitration award. *Cullen v. Paine, Webber, Jackson*

¶ 9. Even if Junior's had submitted a timely application to vacate the award, its arguments would be without merit. First, Junior's argues that UniFirst was required to petition to compel Junior's to arbitrate before proceeding with arbitration in Junior's absence. The parties' contract provides that all disputes between the parties will be resolved by final arbitration conducted pursuant to the Commercial Arbitration Rules of the AAA. Rule 29 provides in relevant part:

> Unless the law provides to the contrary, the arbitration may proceed in the absence of any party or representative who, after due notice, fails to be present or fails to obtain a postponement.

Commercial Arbitration Rules & Mediation Procedures R-29 (2009), available at http://www.adr.org. This rule accords with Vermont law. The VAA provides that "arbitrators may hear and determine the controversy upon the evidence produced notwithstanding the failure of a party duly notified to appear." 12 V.S.A. § 5666(3). Thus, an arbitration hearing may proceed without the participation of an unwilling party.

¶ 10. There is no Vermont rule requiring a party to compel an unwilling adversary to participate in arbitration. A party may, pursuant to 12 V.S.A. § 5674, petition the court to compel or stay arbitration hearings. This provision of the VAA is permissive. It does not mandate a motion

---

& Curtis, Inc., 863 F.2d 851, 853-54 (11th Cir. 1989) (reviewing federal appellate decisions reaching same conclusion). Our interpretation of the VAA tracks these federal decisions. See, e.g., Springfield Teachers Ass'n, 167 Vt. at 189, 705 A.2d at 547. Junior's did not challenge the award within three months. Accordingly, under either the FAA or the VAA, Junior's has waived objections to this arbitration award.

---

to compel prior to proceeding with arbitration.

¶ 11. Our rule is consistent with the law in other jurisdictions as well as the FAA. The FAA provides that a party to an arbitration agreement "may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. Several circuit courts have held that "the procedural requirements of § 4 are permissive, not mandatory." Val-U Constr. Co. of S.D. v. Rosebud Sioux Tribe, 146 F.3d 573, 580 (8th Cir. 1998). State courts have taken the same view. See, e.g., Tutti Mangia Italian Grill, Inc. v. Am. Textile Maint. Co., 128 Cal. Rptr. 3d 551, 556 (Ct. App. 2011) ("[T]he party seeking arbitration need not resort to [a court order] prior to proceeding with the arbitration."); Battle v. Gen. Cellulose Co., 129 A.2d 865, 868 (N.J. 1957) ("[N]othing in our law requires the demandant in the arbitration to seek preliminarily an adjudication that he has the contractual right.").

¶ 12. Junior's also argues that the arbitration hearing was not in strict accord with the parties' contract, which stipulated that arbitration must take place in Montpelier, Vermont. The hearing took place telephonically, with the arbitrator located in Montpelier and UniFirst's counsel located in New Hampshire. Junior's urges us to view this as a breach and declare the arbitration "improperly conducted."

¶ 13. This argument has no merit. Not only has Junior's waived all objections pursuant to 12 V.S.A. § 5677(c), it waived this particular objection to locale before the arbitration hearing. The Commercial Arbitration Rules of the AAA provide in relevant part:

> The parties may mutually agree on the locale where the arbitration is to be held. If any party requests that the hearing be held

in a specific locale and the other party files no objection thereto within 15 days after notice of the request has been sent to it by the AAA, the locale shall be the one requested. If a party objects to the locale requested by the other party, the AAA shall have the power to determine the locale, and its decision shall be final and binding.

Commercial Arbitration Rules & Mediation Procedures, *supra*, R-10. Junior's did not object to the location at the time. Thus, any objection to the location of the hearing has long since been waived.

¶ 14. As a final matter, UniFirst has requested attorney's fees and costs associated with this appeal. This matter is not properly before us. Under Vermont Rule of Appellate Procedure 39(f), a party seeking attorney's fees for work done on an appeal to this Court must file a motion in the trial court within fourteen days after we issue the mandate in the appeal.

*Affirmed.*