Curran, Dennis J., J.
The city of Medford has sued Local Union No. 1032, Medford Fire Fighters Union, seeking to stay an arbitration and for the Court to declare that the dispute between the parties is not arbitrable. The Union has counterclaimed to confirm an arbitration award. Presently, the parties have cross moved for summary judgment on all claims.
BACKGROUND
The city of Medford Fire Department’s suppression personnel complement is divided into four work groups, each of which is assigned a Deputy Chief, and a number of captains, officers, and fire fighters.
Beginning in the 1980s, Medford followed a specific practice when a Deputy Chief within a given work group was absent because ofvacation or illness. Under this practice, the Deputy Chiefs position was temporarily filled by the most senior captain in the work group. The captain who filled the Deputy Chief position received contractual “out of grade” pay. In essence, senior captains received a pay increase while filling in for an absent Deputy Chief.
In December 2011, the Chief of Medford’s Fire Department designated one captain as Administrative Captain. While the full extent of his duties were not articulated, the Administrative Captain filled all vacancies in Deputy Chief positions across all of the work groups. Thus, the Administrative Captain received all of the “out of grade” pay arising from Deputy Chief absences. This effectively ended the practice of allowing the most senior captains to receive the benefit of out of grade pay.
On December 30, 2011, the Union filed a grievance on behalf of Captain Frank McCourt and all similarly situated captains of Medford’s Fire Department. The Union considered the grievance to be a challenge to the city’s decision to abandon its past practice by unilaterally providing all out of grade pay arising during the absence of a Deputy Chief to a single captain rather than distributing such pay on the basis of seniority among the captains working within the appropriate work group. Under the terms of a collective bargaining agreement between the parties, the Union sought to arbitrate the grievance.
For its part, Medford viewed the grievance as a challenge to the Fire Chiefs appointment of the Administrative Captain. As such, Medford filed the current complaint in this Court on November 25, 2013 seeking to stay the pending arbitration and also sought a declaratory judgment determining that the grievance was not arbitrable because it concerned an assignment issue, which is a non-delegable right of inherent managerial policy. Medford did not move to stay the arbitration.
After the complaint was filed, an arbitrator heard the grievance on December 16, 2013. Both parties were present and represented by counsel. Following presentation of the evidence, both parties sought leave to file post-hearing briefs. Throughout the arbitration process, Medford maintained that the grievance was not arbitrable and reserved its right to challenge the arbitrability of the dispute in the Superior Court. Despite having filed the current lawsuit, Medford still failed to move to stay the arbitration.
On February 3, 2014, the arbitrator issued a written decision. The arbitrator declined to determine whether the grievance was arbitrable because he determined that the matter was not before him. Instead, the arbitrator addressed the merits of the grievance and found that Medford had violated the collective bargaining agreement, which protects past practices established between the parties. He wrote:
While the City has attempted to characterize this grievance as implicating a right of “assignment” *163 there is an alternative lens through which it may be viewed. Quite simply, the claimed practice is a method for distributing the opportunity to earn out of grade pay to the Captains in the various groups. So viewed, the claimed practice fits squarely within the core meaning of the term “benefit.”
Arbitration Award, at 7.
The arbitrator ordered:
1. The grievance is sustained. The City violated Articles Ten, Section 2 of the Agreement by failing to offer the senior Captain in a work group the opportunity to work out of grade in the absence of that work group’s Deputy Chief.
2. As a remedy, the City shall cease and desist from further such violations of the Agreement.
Id. at 10.
On March 17, 2014, the Union moved to amend its answer to Medford’s complaint to add a counterclaim. That motion was allowed. On March 20, 2014, the Union filed an amended answer that included a counterclaim for confirmation of the arbitration award. On March 25, 2014, the parties filed cross motions for summary judgment. To this date, Medford has still not moved to vacate or modify the arbitration award.
A hearing was held on the parties’ cross motions last Tuesday.
DISCUSSION
I. SUMMARY JUDGMENT STANDARD
Summary judgment is appropriate when there are no genuine issues of material fact. See Mass.R.Civ.P. 56(c). The burden is on the moving party to demonstrate the absence of a triable issue and that it is entitled to judgment as a matter of law. Id.; Madsen v. Erwin, 395 Mass. 715, 719 (1985). Where the burden of proof at trial rests 'with the non-moving party, the moving party may satisfy its summary judgment burden by either presenting “affirmative evidence negating an essential element” of the non-moving party’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991).
“Where a moving party properly asserts that there is no genuine issue of material fact, ‘the judge must ask himself not whether he thinks the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.’ ” Id., quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). All of the evidence must be viewed in the light most favorable to the non-moving party. Foster v. Group Health, Inc., 444 Mass. 668, 672 (2005).
II. CITY OF MEDFORD’S CLAIMS
A. Request for Stay
Under G.L.c. 150C, §2(b),
Upon application, the superior court may stay an arbitration proceeding commenced or threatened if it finds (1) that there is no agreement to arbitrate, or (2) that the claim sought to be arbitrated does not state a controversy covered by the provision for arbitration and disputes concerning the interpretation or application of the arbitration provision are not themselves made subject to arbitration. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily determined, and if the court finds for the applicant it shall order a stay of arbitration, otherwise the court shall order the parties to proceed to arbitration; provided that an order to stay arbitration shall not be granted on the ground that the claim in issue lacks merit or bona fides or because no fault or grounds for the claim sought to be arbitrated have been shown. [Emphasis added.]
The term “stay” is defined as, “(t]he postponement or halting of a proceeding, judgment, or the like” or “(a]n order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding.” Black’s Law Dictionary 1453 (8th ed. 2004).
Here, the arbitration has already occurred and the arbitrator has issued a written decision. The city could have brought a motion to stay after it filed its complaint and before the arbitration had taken place, but inexplicably failed to do so. This Court cannot stay, postpone, halt or suspend an arbitration that has already occurred. Simply put, there is nothing for this Court to stay; the claim is moot.
B. Declaratory Judgment
Under G.L.c. 231A, §1, a court may “make binding declarations of right, duty, status and other legal relations sought thereby, either before or after a breach or violation thereof has occurred in any case in which an actual controversy has arisen and is specifically set forth in the pleadings.” As such, for this Court to have the authority to grant the city’s claim for declaratory relief, there must be “an actual controversy.” See District Attorney for the Suffolk District v. Watson, 381 Mass. 648, 659 (1980). An actual controversy is “a ‘real dispute’ caused by the assertion by one party of a duty, right, or other legal relation in which he has a ‘definite interest,’ in circumstances indicating that failure to resolve the conflict will almost inevitably lead to litigation.” Id.
Medford asks this Court to declare that the dispute between the parties is not arbitrable because it concerns an assignment issue, which is a non-delegable right of inherent managerial policy that is not subject to arbitration.[1] Thus, the declaration sought concerns whether the specific grievance in question is arbitrable. However, the grievance has already proceeded through arbitration and the arbitrator has issued a binding award. Because the grievance has already been arbitrated, there would only be an actual controversy as to the arbitrabilify of the grievance if Medford challenged (or could challenge) the arbitration award. See id.
*164 General Laws c. 150C, §11 provides a mechanism for a party to challenge an arbitration award. “Upon application of a party, the superior court shall vacate an award if. . . the arbitrators exceeded their powers .. .” G.L.c. 150C, §11(a)(3). “An application under this section shall be made within thirty days after delivery of a copy of the award to the applicant . . .” G.L.c. 150C, §11 (b). Further, “[u]pon application made within thirty days after delivery of a copy of the award to the applicant, the superior court” may modify or correct an arbitration award. G.L.c. 150C, §12.
To the present date, the city of Medford has not moved to vacate or modify the arbitration award under either G.L.c. 150C, §§11 or 12. In addition, more than thirty days have passed since the award was delivered to the parties, thus barring the city from challenging the award in the future. See Local 589, Amalgamated Transit Union v. Massachusetts Bay Transp. Auth., 397 Mass. 426, 431 (1986) (“to ensure the stability and finality of the arbitration process, we hold that all challenges to an arbitrator’s award must be brought within the time frame specified by the statute”); Fall River v. Fall River Fire Fighters, Local 1314, I.A.F.F., 50 Mass.App.Ct. 1108, 2000 WL 1745157 at *3-*4 (Mass.App.Ct. Nov. 20, 2000) (Rule 1:28 decision) (affirming confirmation of arbitration award where city failed to timely amend its complaint to state a claim for vacating the arbitration award or file a motion to vacate under G.L.c. 150C, §11). Therefore, because the grievance has been arbitrated and Medford cannot challenge the arbitration award, there is no actual controversy and declaratory relief cannot be granted.[2] See District Attorney for the Suffolk District, 381 Mass. at 659.
Contrary to Medford’s argument, the arbitration award was not “subject to” a determination by this Court as to the arbitrability of the matter. Here, Med-ford reserved its right to challenge the arbitrability of the dispute and then the arbitrator proceeded to issue a binding award on the merits.[3] A reservation of rights does not make a decision “subject to” further review in the way Medford urges. By way of example, when a party objects in a trial proceeding, the objection may preserve or reserve the parly’s rights on appeal. However, the party must then follow the proper appellate procedure to potentially realize the benefit of the reserved right. Medford had the opportunity to properly exercise its reservation of rights and challenge the arbitrability of the dispute. It could have filed a motion to vacate or modify the arbitration award or moved to amend its complaint to state a claim for vacating the arbitration award. It did neither.
Instead, the city urges that the fact that the matter was arbitrated does not preclude judicial review. If Medford had proceeded in accordance with G.L.c. 150C, this Court could have reviewed the arbitrability of the dispute and decided whether the arbitrator acted within his authority. See School Comm. of Agawam v. Agawam Educ. Ass’n, 371 Mass. 845, n.4 (1977) (‘The basic contest is over the arbitrability of the particular grievance. In such a situation, the issue may be raised again in the Superior Court on a motion to vacate an arbitrator’s award, even if that issue was involved in an earlier unsuccessful attempt under [G.L.c. 150C,] Section 2(b) to stay the arbitration proceeding.” [emphasis added]). However, the fact that Medford did not challenge the arbitration award by amending its complaint or filing a motion to vacate or modify the award does preclude judicial review of the award. See Fall River v. Fall River Fire Fighters, Local 1314, I.A.F.F., 50 Mass.App.Ct. 1108, 2000 WL 1745157 at *3-*4.
Moreover, the city’s argument that its complaint seeking a stay and declaratory relief is the same as a motion to vacate an arbitration award is without legal support. Medford has cited no case law, and none was found, where a court ignored the requirements of Chapter 150C because a party filed a pre-arbitration complaint to stay an arbitration and for declaratory relief. Chapter 150C is clear that a party must move to vacate or modify an arbitration award under sections 11 and 12, or the award shall be confirmed. See G.L.c. 150C, §10.
Finally, the Court notes that even if it were to grant the declaratory relief that Medford seeks, the declaration would have no legal affect unless the arbitration award was also vacated. As discussed, Medford has not attempted to vacate the arbitration award. This court cannot unilaterally vacate an arbitration award.
III. THE UNION’S CLAIMS
A. Confirmation of Arbitration Award
“Upon application of a party, the superior court shall confirm an award, unless within the time limits, hereinafter imposed grounds are urged for vacating, modifying or correcting the award, in which case the court shall proceed as provided in sections eleven and twelve.” G.L.c. 150C, §10 (emphasis added). Because Medford did not move to vacate, modify, or correct the arbitration award under G.L.c. 150C, §§11 or 12, this Court has no choice but to confirm the award. In so doing, this Court must stress that Medford voluntarily chose to proceed in this manner. Chapter 150C provides a procedure for challenging the arbitrability of a dispute. Again, after filing its complaint but before the arbitration occurred, Medford could have moved to stay the arbitration and sought a declaration that the dispute was not arbitrable, or it could have filed a motion to vacate or modify the arbitration award after it was issued. Instead, its decision to ignore clear statutory directives compels the present result.
ORDER
For these reasons, plaintiff city of Medford’s motion for summary judgment is DENIED, and defendant Local Union No. 103, Medford Fire Fighters Union’s motion for summary judgment is ALLOWED.

krhis Court is keenly sensitive to the principle that city and town decision-makers have the right — and indeed, obligation — to act in the best interests of their citizens to properly manage their departments and personnel. But the city’s litigaüonal course in this case precluded this Court from reaching the merits of its argument.

As will be discussed in Section 111(A), infra, this Court has confirmed the arbitration award.

It is clear from the arbitrator’s decision that he did not address the arbitrability issue because the issue was not submitted for arbitration for either a binding or non-binding ruling.