*Unifirst Corporation #36 vs. Simms*, No. 502-6-18 Cncv (Toor, J., Nov. 26, 2018).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT
Chittenden Unit

CIVIL DIVISION
Docket No. 502-6-18 Cncv

| Unifirst Corporation #36 vs. Simms et al |
|---|

## ENTRY REGARDING MOTION

Count 1, Declaratory Judgment (502-6-18 Cncv)
Count 2, Declaratory Judgment (502-6-18 Cncv)

| | |
|---|---|
| Title: | Motion to Confirm Arbitration Award (Motion 1) |
| Filer: | Unifirst Corporation #36 |
| Attorney: | John R. Hughes |
| Filed Date: | June 28, 2018 |

Response filed on 08/03/2018 by Attorney Karen Rush Shingler for Defendant Douglas A. Simms
     Defendant's Opposition and Motion to Dismiss;
Reply and Opposition to Motion to Dismiss filed on 08/13/2018 by Attorney John R. Hughes for Plaintiff Unifirst Corporation
Reply memo in support of motion to dismiss filed on 11/13/18 by Attorney Shingler

This case was filed to confirm an arbitration award pursuant to 12 V.S.A. § 5676. Defendant Simms has filed an opposition to confirmation raising numerous issues, as well as a motion to dismiss the case. The latter is based upon the claim that the arbitrator had no jurisdiction over Simms, because he was not a party to the contract at issue. Plaintiff responds that Defendant waived these claims by not filing a motion to vacate the award within 30 days of its issuance. Defendant counters that an issue of jurisdiction may be raised at any time.

### Discussion

The contract at issue states that disputes must be resolved through arbitration governed by the Federal Arbitration Act. *See* August 7 Letter of Karen Shingler, Ex. A, p.

3. That statute requires that any motion to vacate or modify an award must be filed within three months after the award is filed or delivered. 9 U.S.C. § 12. The award here was issued on December 15, 2017. Defendant concedes that he participated in the arbitration hearing, and does not deny receiving the ruling soon thereafter. However, no motion to vacate or modify was ever filed. Defendant only raised his dissatisfaction with the award in August, after this case was filed in June. Thus, Plaintiff argues that the issue was waived.

The Vermont Supreme Court has so held. *See* Unifirst Corp v. Junior's Pizza, 2012 VT 13, ¶ 8, 191 Vt. 603 ("Junior's waived any objections it may have had by failing to seek a vacatur within [the statutory time limit.]"). Therefore, all of the claims Defendant raises in his opposition to conformation of the arbitrator's award, such as due process claims and the lack of a record or written findings of fact, are waived.

Defendant argues that he can still move to dismiss because there is an exception for jurisdictional issues. He is wrong. Our Supreme Court has expressly rejected this argument, as have other jurisdictions.[1] *See* Springfield Teachers Ass'n v. Springfield Sch. Directors, 167 Vt. 180, 189–90 (1997)("The VAA requires that motions to vacate awards be made within thirty days in all cases. . . We cannot construe the statute to exempt jurisdictional claims from the time limit."); Local 589, Amalgamated Transit Union v. Massachusetts Bay Transp. Auth., 491 N.E. 2d 1053, 1056 (Mass. App. Ct. 1986) (Rejecting claim that "time limit for vacating an arbitration award is not applicable when a party challenges the jurisdiction of the arbitrator"). Rather, the arbitration statute "determines the time and manner of courts' review of challenges to an arbitrator's

---

[1] Given that, the court questions why Plaintiff failed to respond to the memo to point this out, despite being given until November 21 to do so, and why Defendant failed to bring this controlling authority to the court's attention. *See* Rules of Professional Conduct 3.3(a)(2).

jurisdiction." <u>Bandler v. Charter One Bank</u>, 2012 VT 83, ¶ 21, 192 Vt. 383. By failing to move to vacate within the prescribed time, Defendant waived the claim.

Interest

The one issue that is properly before the court is interest. The arbitration award was for $128,139.79, and did not mention interest. Plaintiff seeks prejudgment interest from the date of the award (December 15, 2017). Defendant objects, arguing that interest would be "an impermissible modification" of the award, but citing no authority for this proposition. Opposition at 3 (filed Aug. 3, 2018). Defendant has again failed to acknowledge direct authority on this point. "Once the arbitrators rendered their decision, . . . interest started to accrue . . . . The interest should run from the date of the award." <u>R. E. Bean Const. Co. v. Middlebury Assocs.</u>, 139 Vt. 200, 213 (1980).

Order

The motion to dismiss is denied. The motion to confirm the arbitration award, including costs and prejudgment interest from the date of the award, is granted.

Dated at Burlington this 26th day of November, 2018.

_____
Helen M. Toor
Superior Court Judge

Notifications:
John R. Hughes (ERN 2016), Attorney for Plaintiff Unifirst Corporation #36
Karen Rush Shingler (ERN 4975), Attorney for Defendant Douglas A. Simms
Bradford T. Atwood (ERN 1137), Attorney for party 1 Co-Counsel