NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-87

NADER BARGSHADY

vs.

VOLODYMYR HRYNCHUK & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, Nader Bargshady, appeals from a Superior Court order denying his motion to reconsider a judgment dismissing a complaint by which the plaintiff sought to vacate an arbitration award.[2]  We affirm.

Background.  In January 2023, the plaintiff contracted with Weles, Inc. (Weles), to perform floor refinishing work in his home.  Weles completed the initial work, involving sanding, staining, and repairing a section of floorboards, in April 2023.

_____

[1] Oleksandr Sasha Serdiuk and Lizardo Giraldo.

[2] Although the plaintiff's notice of appeal refers only to the order denying the motion for reconsideration, we address his arguments relating to the underlying judgment of dismissal because the notice of appeal was timely as to the dismissal and both parties address the dismissal in their briefs.

The plaintiff accepted the work and paid the invoice. A few weeks later, the plaintiff complained that he was not happy with the work on some of the boards and Weles returned to do additional repairs. The plaintiff again appeared to accept the work but later complained and demanded a refund. The plaintiff and Weles signed an agreement to arbitrate their dispute using FairClaims, Inc., a virtual arbitration service based out of California, and, on October 9, 2023, an arbitrator held an evidentiary hearing via teleconference. On October 17, 2023, the arbitrator issued an award dismissing the plaintiff's claim.[3] The plaintiff does not dispute that he received notice of the arbitrator's decision no later than October 21, 2023.

On January 12, 2024, after negotiating with Weles for thirty-nine days, the plaintiff filed a complaint in the Federal District Court to vacate the award. On April 3, 2024, a judge dismissed the complaint without prejudice for lack of Federal subject matter jurisdiction. On April 24, 2024, the plaintiff filed in Superior Court a complaint seeking to vacate the arbitration award against Weles' owner, Volodymyr Hrynchuk; project manager, Oleksandr Sasha Serdiuk; and lead foreman,

---

[3] The arbitrator found that Weles performed the work for which it was hired, and that the plaintiff accepted the performance.

2

Lizardo Giraldo (together, the defendants).[4]  After a hearing, a

judge granted the defendants' motion to dismiss, pursuant to

Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), based on the

untimeliness of the complaint.  The same judge subsequently

denied the plaintiff's motion for reconsideration, which raised

for the first time the argument that the statute of limitations

should have been tolled for the periods during which the parties

negotiated and the Federal court case was pending.

Discussion.  We review the allowance of a motion to dismiss

de novo.  Galiastro v. Mortgage Elec. Registration Sys., Inc.,

467 Mass. 160, 164 (2014).  In evaluating a ruling on a motion

to dismiss under rule 12 (b) (6), we generally limit our

consideration to "the allegations in the complaint, although

matters of public record, orders, items appearing in the record

of the case, and exhibits attached to the complaint, also may be

taken into account" (citation omitted).  Schaer v. Brandeis

Univ., 432 Mass. 474, 477 (2000).  To survive such a motion, a

complaint must plausibly suggest an entitlement to relief.  See

Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008).  We

review the denial of a motion for reconsideration for an abuse

of discretion.  See Audubon Hill S. Condominium Ass'n v.

_____

    [4] Weles was not named as a party in the complaint, although
it was the respondent in the arbitration.

3

Community Ass'n Underwriters of Am., Inc., 82 Mass. App. Ct. 461, 470 (2012).

1. Timeliness of State court filing. The plaintiff claims that his right to challenge the arbitration award was governed by the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 et seq. The defendants counter that the Massachusetts Arbitration Act (MAA), G. L. c. 251, §§ 1 et seq., applies to the plaintiff's claim. The FAA allows ninety days for a party to seek to vacate an award, 9 U.S.C. § 12, whereas an application under the MAA must be made within thirty days, G. L. c. 251, § 12 (b). We need not resolve this issue, however, because the plaintiff's claim was time barred under either statute. The plaintiff was on notice of the arbitration award by October 21, 2023, thus his complaint in Superior Court, filed more than six months later on April 24, 2024, was not timely under the FAA limit or the MAA limit.[5]

2. Equitable tolling. The plaintiff also argues that the judge should have applied equitable tolling for the periods of time when the parties were negotiating the arbitration award and

_____

[5] The plaintiff raises additional issues about the procedural fairness of the arbitration process, including that the arbitrator showed bias toward the defendants and that a defendant falsely testified. Because the plaintiff did not challenge the arbitration award within the statutorily required time period, we do not consider these challenges to the arbitration award. See Kauders v. Uber Techs., Inc., 486 Mass. 557, 565-566 (2021) (court must confirm arbitration award where challenge not brought within required time period).

4

when the complaint was pending in Federal court. "Equitable tolling is available in circumstances in which the plaintiff is excusably ignorant about the . . . statutory filing period." Andrews v. Arkwright Mut. Ins. Co., 423 Mass. 1021, 1022 (1996). In denying the plaintiff's motion for reconsideration, the judge noted that "equitable tolling arguments should have been addressed at the prior hearing [on the motion to dismiss]."

The defendants' motion to dismiss raised the timeliness of the complaint as the primary reason for dismissal. However, despite being on notice from the defendants that timeliness was the main issue in dispute, the plaintiff's opposition to the defendants' motion to dismiss did not raise the equitable tolling argument. A motion for reconsideration is not the appropriate stage to raise new legal theories. See Commissioner of Revenue v. Comcast Corp., 453 Mass. 293, 312 (2009).

To the extent that the plaintiff argues the judge was required to apply equitable tolling at the motion to dismiss stage, even absent the plaintiff raising it, we disagree. "Equitable tolling is to be 'used sparingly,' and the circumstances where tolling is available are exceedingly limited." Halstrom v. Dube, 481 Mass. 480, 485 (2019), citing Shafnacker v. Raymond James & Assocs., Inc., 425 Mass. 724, 725-726, 728-729 (1997). The judge was not obligated to raise this issue sua sponte, and in the case of the thirty-nine-day

5

negotiation period, would not be permitted to apply it even if properly raised.  See Shafnacker, 425 Mass. at 728 (tolling not permitted for delay due to arbitration or possibility of settlement); see also Local 589, Amalgamated Transit Union v. Massachusetts Bay Transp. Auth., 397 Mass. 426, 431 (1986) (thirty-day period to challenge arbitration award must be strictly construed to ensure stability and finality in arbitration process).  We thus discern no abuse of discretion in the judge's determination that the plaintiff waived his equitable tolling argument by failing to raise it until the motion for reconsideration.

Judgment affirmed.

Order denying motion for
reconsideration affirmed.

By the Court (Grant,
  Brennan & Smyth, JJ.[6]),

*Paul Little*

Clerk

Entered:  January 21, 2026.

---

[6] The panelists are listed in order of seniority.